# EXHIBIT 2

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

CAUSE NO. _____

| | | |
|---|---|---|
| **Janice McBride** | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § § § | |
| V. | § § | |
| | § | JUDICIAL DISTRICT |
| **Z&H Foods Inc.** | § § | |
| *Defendant.* | § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Janice McBride, ("Plaintiff") in the above-styled cause, and files this Original Petition against Z&H Foods Inc. ("Z&H"), ("Defendant") alleging violations under the Texas Commission on Human Rights Act ("TCHRA"), 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967, as amended, 42 U.S.C. Section 621 et. seq. (ADEA), for Defendant's unlawful employment practices on the basis of race, age and retaliation, and would respectfully show unto the Court the following:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 2 pursuant to Texas Rules of Civil Procedure 190.3.

2. Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## II.
## PARTIES AND SERVICE

3. Plaintiff, Janice McBride, is an individual, who is a citizen of the State of Texas, residing in Houston, TX 77077 and who was at all times relevant hereto was a resident of Harris County, Texas.

4. Defendant, Z&H Foods Inc., ("Z&H") is a Texas corporation conducting business within the state of Texas. Defendant is an employer within the meaning of the applicable statutes and employs more than fifteen (15) regular employees. Defendant may be served with process by any method authorized by Tex. R. Civ. P. (106), by serving its registered agent, Shoukat Dhanai, at 4415 Highway 6 Sugarland, TX 77478, or wherever agent may be found.

## III.
## JURISDICTION AND VENUE

5. Venue is proper in Harris County, Texas under Texas Civil Practice and Remedies Code §15.002(a)(1) and (3) because Plaintiff is domiciled in the state and county and Defendant has purposefully availed itself to the privilege of conducting business in the state of Texas. Defendant conducts business in Texas and has continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant's principal office is in the state and

county.

6. Venue is proper in the Harris County District Court of Texas, because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

7. Venue is proper by virtue of 29 U.S.C § 2617(a)(2) which provides concurrent jurisdiction of actions arising under Title VII of the Civil Rights Act of 1964s Act of 1964, the Age Discrimination in Employment Act, and 42 U.S.C. § 1981.

## IV.
## EXHAUSTON

8. Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission which was dual filed with the Texas Workforce Commission pursuant to those agencies's work sharing agreement. After Plaintiff received notice of right to sue, Plaintiff brought the action within the requisite number of days required by law.

## V.
## FACTUAL BACKGROUND

9. Plaintiff, Janice McBride, is a Black Female who is sixty-five (65) years of age.

10. On or around September 1, 1975 Plaintiff became employed at Popeye's Louisiana Kitchen ("Popeye's"). Within a year of employment, she was promoted from a food preparation position, to an Assistant Manager. She continued to progress and was promoted to a General Manager.

11. Plaintiff served in many rolls which included training, leading other managers and shift leaders; as well as assisting area supervisors.

12. At the time Plaintiff began employment with Popeye's, the restaurants were corporate stores. As time progressed, Popeye's began to franchise.

13. On or around 2017, Defendant, Z&H Foods Inc. became the new franchisee of stores

which included Plaintiff's job location(s).

14. After Defendant became the owner, the hiring, promotion and retention of Hispanic employees over any other qualified job candidates or employees, became Defendant's priority.

15. On or around 2017, Plaintiff started noticing company changes which specifically impacted Black/African American employees. These employees were being terminated without cause, forced to resigned or shuffled between stores and replaced by Hispanic employees.

16. Plaintiff was removed from two stores in less than a two (2) year period and each time she was replaced by a younger, Hispanic Employee.

17. Plaintiff was first removed from a store located at 705 Little York Houston, TX 77093, where she was the General Manager, and had been employed there for several years.

18. While Plaintiff was the General Manager at the Little York store, Sandra Miranda Dominguez ("Dominguez") (Hispanic), was her area supervisor. As the area supervisor, Dominguez supervised approximately seven (7) stores. Three (3) of the stores had Black general mangers and four (4) of the stores had Hispanic general managers.

19. Regional Director Paul Kopesky ("Kopesky"), (white, male), made constant visits to Plaintiff's Little York store and repeatedly ask Plaintiff "when are you going to hire Hispanics".

20. Around May of 2019, Kopesky again went to Plaintiff's store. He told her: "Popeye's needs Hispanics".

21. Kopesky then removed Plaintiff from the Little York store, and replaced her with a younger Hispanic employee.

22. On a day Plaintiff was removed from Little York, she had gone to the bank to get change before opening the store. When she returned Dominguez, Kospesky, Area Manager Cynthia Wat-

son ("Watson") ("Black"), and approximately four (4) replacement Hispanic employees, were at the store when she returned. Watson made a statement to Plaintiff "all because they want Hispanics".

23. By the time Plaintiff was removed from the Little York store, all of the Black General Managers in Dominguez's area had been replaced by Hispanic employees.

24. When Plaintiff was removed a second time, she was placed in a store located at 9503 Jensen Drive Houston, Texas 77093, where Watson became her Area Supervisor.

25. On or around April of 2020, Christina Morales ("Morales"), (Hispanic), replaced Watson, and became Plaintiff's store Area Supervisor. On or around May 25, 2020, with Plaintiff was terminated, after Morales alleged there was an issue with Plaintiff's job performance. Defendant had no prior discussions with Plaintiff about her job performance.

26. Plaintiff made a complaint through the complaint hotline. After complaining, on or around May 27, 2020 she was called into a meeting at the Lockwood Store with Kopesky and Watson.

27. During the meeting Plaintiff again raised concerns about being replaced with Hispanic employees. When Plaintiff questioned the reason for her termination, Kopesky began making comments about her age.

28. Kopesky told Plaintiff: "You're irritable and tired", and referring to the Lockwood store, he said: "come over here and do your magic, you go some left, right?" He also said: "[Lockwood] should be an easier store to run", "look we're all the same age". "Are you trying to get to the maximum payout [of social security]"?

29. When Plaintiff did not respond to Kopesky's questions and questions about her age and retirement, he said: "Janice it's a couple of years away, right?"

30. On or around June 1, 2020 Plaintiff was placed at the Lockwood store located at 4002 Lockwood Houston, Texas 77026.

31. The Lockwood store was in poor condition, and upper management was aware of employee concerns about safety and security; as well as the issues with hiring and retention in that area.

32. Plaintiff was placed at Lockwood after she complained about being wrongfully terminated, and replaced by Hispanics.

33. Within a few days of being at Lockwood, Plaintiff was injured after she was hit in the eye by a customer who tried to attack another employee.

34. The Lockwood store had human waste at the sidewalk of the backdoor which employees had to travel and on the floor and the toilet seat in the bathroom which employees had to use; as well as used feminine products on the floor.

35. There was gambling in front of the store, and there was a shooting next to the store.

36. On or around June of 2021, Plaintiff was made to work in extreme heat, after the air went out for approximately a week.

37. When Plaintiff was removed to the Lockwood Store, Plaintiff was not given an adequate budget to run the store. As a result there were times when Plaintiff had to work with a crew of only two additional employees to meet or reduce labor cost. This required Plaintiff to perform her General Manager duties as well as; unload delivery trucks, perform food preparation, work on the line, and package food.

38. Plaintiff reported conditions. Z&H took no steps to ensure the safety and health of the employees at Lockwood, and that Plaintiff was sufficiently supported to run the store. Defendant has repeatedly placed Plaintiff in conditions that effect her health and impede her success with the

company.

## VI.
## CAUSES OF ACTION

### A. COUNT 1: RACE AND COLOR DISCRIMINATION IN VIOLATION OF TITLE VII

39. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as is fully set forth herein.

40. Title VII of the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 protects employees from discrimination based on race. 42 U.S.C. § 2000e-2(a).

41. Defendant intentionally discriminated against Plaintiff in violation of Title VII. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race within the meaning of the statute.

42. Defendant, by and through Defendants agents, discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of race.

43. Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the protected rights of Plaintiff.

44. Defendant, by and through its agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to non-Black employees similarly situated in violation of Title VII.

### B. COUNT 2: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

45. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of

the paragraphs above as if fully set forth herein.

46. Discrimination against an individual based on race is prohibited pursuant to 42 U.S.C. §1981.

47. Plaintiff is a Black/African American citizen and is covered under 42 U.S.C. §1981.

48. At all relevant times, Plaintiff was qualified for the position they held during her employment with Defendant.

49. Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her race.

50. Defendant, by and through Defendant's agents, discriminated against Plaintiff with respect to the benefits, privileges, terms, and conditions of her employment in violation of 42 U.S.C. § 1981. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

51. Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the federally protected rights of the Plaintiff.

52. Defendant, by and through Defendant's agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to other non-Black employees similarly situated in violation of 42 U.S.C. § 1981.

## C. COUNT 3: RACE and COLOR DISCRIMINATION IN VIOLATION OF TCHRA.

53. Plaintiff incorporate by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

54. Discrimination against an individual based on race is prohibited pursuant to TCHRA.

55. At all relevant times, Plaintiff, was qualified for the position he held during her employ-

ment with Defendant.

56. Defendant, by and through Defendant's agents discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race (Black) in violation of TCHRA.

### D. COUNT 4: AGE DISCRIMINATION IN VIOLATION OF ADEA

57. Plaintiff, restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

58. Discrimination against an individual based on age is prohibited pursuant to Age Discrimination in Employment Act, as amended.

59. At all relevant times, Plaintiff, was qualified for the position he held during her employment with Defendant.

60. Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff, because of her age.

61. Defendant discriminated against Plaintiff, in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's age (65) in violation of the Age Discrimination in Employment Act of 1967, as amended.

### E. COUNT 5: AGE DISCRIMINATION IN VIOLATION OF TCHRA.

62. Plaintiff, restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

63. Discrimination against an individual based on age is prohibited pursuant to TCHRA.

64. At all relevant times, Plaintiff, was qualified for the position she held during her employment with Defendant.

65. Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff, in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's age in violation of the TCHRA.

## F. COUNT 6: RETALIATION

66. Plaintiff restates and incorporate by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

67. Title VII, 42 U.S.C. §1981, the ADEA, and the TCHRA, protect employees that engage in a protected activity from retaliation by her employer.

68. Plaintiff engaged in conduct protected under Title VII, 42 U.S.C. §1981, ADEA and TCHRA.

69. Plaintiff was subjected to an adverse employment action at the time, and after, the protected conduct occurred.

## VII. RESPONDEAT SUPERIOR AND RATIFICATION

70. Whenever in the complaint it is alleged that the Defendant, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the De-

fendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## VIII. DAMAGES

71.     As a result of Defendant's unlawful conduct, Plaintiff have suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff have also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## IX. ATTORNEY'S FEE AND COSTS

72.     Plaintiff are entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and 42 U.S.C §1988, 29 U.S.C § 2617, and §21.259 of the Texas Labor Code.

## X. JURY DEMAND

73.     Plaintiff request a trial by jury on all issues that can be tried to a jury.

## XI. PRAYER

WHEREFORE, premises considered, Plaintiff pray that the Defendant be cited to appear and answer herein, and that upon a final trial, judgment be entered for Plaintiff against Defendant for:

Page 11 of 12 -Plaintiff's Original Petition

a. actual and consequential damages, including, but not limited to back pay (wages and benefits);

b. compensatory damages, including, but not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future;

c. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

d. Liquidated damages,

e. Reasonable attorney's fees, with conditional awards in the event of appeal;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of the action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by the Complaint or by any amendment hereto.

Respectfully submitted,

/s/ Lisa Ventress

Lisa Ventress
Texas Bar No. 24076751
The Ventress Firm, P.C.
17300 El Camino Real Ste. 110P
Houston, TX 77058
TEL. (832)240-4365
lisa@theventressfirm.com

**ATTORNEY FOR PLAINTIFF**